UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:21-cr-00115-GFVT-MAS-1 |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC MCCAWLEY, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett.  [R. 24.]  Defendant Eric McCawley has been charged with violating 21 U.S.C. § 841(a)(1) for possession with intent to distribute fifty grams or more of methamphetamine, a Schedule II controlled substance, and 18 U.S.C § 924(c)(1)(A) for knowingly possessing a firearm in furtherance of a drug trafficking crime.  [R. 1.]

On January 28, 2022, Mr. McCawley filed a motion to suppress evidence that was obtained during a search of his person and of his residence, arguing that the searches were unlawful under the Fourth Amendment.  [R. 15.]  Mr. McCawley specifically argued that the affidavit in support of the search warrant was "devoid of sufficient informant reliability/credibility and lacks the requisite substantial police corroboration necessary to support the determination of probable cause."  [R. 15-1 at 5.]  On February 28, Judge Stinnett recommended that the Court deny Mr. McCawley's suppression motion, finding that (1) the evidence sufficiently supported a finding of probable cause; and (2) even if the search warrant was legally deficient, the good faith exception applies.  [R. 24.]  For the reasons that follow, Judge Stinnett's Report and Recommendation will be **ADOPTED** and Mr. McCawley's

objections will be **OVERRULED**.

## I

On July 28, 2021, Detective K. Shortridge, a Lexington Police Department detective, sought and received a state search warrant both for the person of Eric McCawley and for a residence located at 2517 Lindenhurst Loop in Lexington, Kentucky.  [R. 15-1 at 1; R. 24 at 1.] Detective Shortridge's affidavit provided that he had received information from a "qualified confidential informant" who had "provided law enforcement accurate, reliable, and credible information on multiple occasions" that Mr. McCawley was trafficking illegal narcotics from the Lindenhurst Loop residence.  [R. 23-1 at 2.]  The affidavit also stated that Detective Shortridge and DEA Special Agent Trueblood had twice met with the information to make controlled narcotics purchases from Mr. McCawley at the Lindenhurst Loop residence.  *Id.* at 3.  On both occasions, Detective Shortridge articulated in the affidavit that he searched the informant's person and vehicle prior to the controlled transactions to make sure that the informant did not possess contraband, and the informant "was under continued surveillance as they made their way to the controlled purchase."  *Id.*  Following the controlled transactions, the informant then handed over the purchased illegal narcotics and was again searched.  *Id.*  Both controlled buys occurred in the week preceding the execution of the arrest warrant.  *Id.*

Mr. McCawley filed a motion to suppress on January 28, and the United States responded on February 8.  [R. 15; R. 18.]  Three days later, the United States filed a motion to amend their response to the suppression motion, which this Court granted on February 17.[1]  [R. 21; R. 22.]

---

[1] Judge Stinnett noted that the United States requested leave to file their amened response on February 11, which was their initial filing deadline, and this motion was granted on February 17 and docketed on February 19.  [R. 24 at 1 n.1.]  Judge Stinnett found that his adjusted Mr. McCawley's deadline to file a reply to February 25, 2022, and that if Mr. McCawley disagreed with this new deadline, "he may raise the issue with Judge Van Tatenhove in an objection to this Report and Recommendation."  *Id.*  Mr. McCawley did not raise an objection to this issue.

On February 19, the United States filed their amended response in opposition to Mr.

McCawley's motion to suppress.  [R. 23.]  On February 28, Judge Stinnett issued a Report and

Recommendation, recommending that Mr. McCawley's motion be denied.  [R. 24.]  Mr.

McCawley objected on March 4, and the United States responded to Mr. McCawley's objection

on March 9.[2]  [R. 25; R. 28.]  Mr. McCawley's objection filing, written for the purpose of

"preserv[ing] Defendant's right to appeal this decision to the United States Court of Appeals,"

consisted only of three paragraphs and included no analysis.  Mr. McCawley's objections

consisted entirely of the following:

> Defendant objects to the Magistrate's findings that the evidence was sufficient to
> support a finding of probable cause to support the issuance of the search warrant
> [DE 24 at Page ID # 111]. Specifically, Defendant states that the Magistrate erred
> in finding that (1) the QCI was reliable [DE 24 at Page # 111-113], (2) that police
> corroboration through "continued surveillance" did not require wired monitoring
> [DE 24 at Page # 113- 115], and (3) that the omissions in the affidavit did not
> undermine its probable cause [DE 24 at Page # 115-117]. In addition, Defendant
> states that the Magistrate erred in finding that the Leon good faith exception is
> applicable to the facts herein [DE 24 at Page # 117-119].

[R. 25.]  This general objection lacks analysis, fails to identify any legal error, and merely parrots

back the findings of the magistrate judge with the word "erred" placed in front of the findings.

The Sixth Circuit has held a general objection to a magistrate judge's report and recommendation

"is insufficient to preserve a claim."  *Harris v. Aramark Correctional Services, LLC*, 2021 WL

---

[2] The Court need not consider the United States' response to Mr. McCawley's objections because the response did not constitute objections to Judge Stinnett's recommended disposition.  The Rules of Criminal Procedure provide that "[w]ithin 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2).  In the civil context, for nondispositive matters on which a magistrate judge issues a written order, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a).  However, if a magistrate judge enters a recommended disposition on a dispositive motion or prisoner petition, a party has fourteen days to object to the proposed findings and recommendations and then "[a] party may respond to another party's objections within 14 days after being served a copy." Fed. R. Civ. P. 72(b)(2). Thus, under the Federal Rules of Civil and Criminal Procedure, the only circumstance in which a party may respond to another party's objections is in the context of civil dispositive motions and prisoner petitions.

743808, at *2 (6th Cir. Dec. 27, 2021) (citing *Spencer v. Bouchard*, 449 F.3d 721, 724 (6th Cir. 2006) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)); *see also Sanders v. Kelly*, 2012 WL 2568186, at *13 (N.D. Ohio June 29, 2012) ("Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the Report and Recommendation that are legitimately in contention.") (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)); *Mattox v. Davis*, 549 F. Supp. 2d 877, 883 (W.D. Mich. 2008) (denying objection as overly general).  However, the Court has reviewed the record and agrees with Judge Stinnett's Report and Recommendation.

## II

### A

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly, describing the place to be searched, and the persons or things to be seized."  U.S. Const. Amend. IV.  The probable cause bar is not high, as it merely requires "a probability or substantial chance of criminal activity, not an actual showing of such activity."  *United States v. Mitchell*, 2021 WL 5772534, at *3 (6th Cir. Dec. 6, 2021) (citing *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018)).  To show that a warrant is supported by probable cause, an officer "must submit an affidavit that 'indicate[s] a fair probability that evidence of a crime will be located on the premises of the proposed search.'"  *Id.* (quoting *United States v. Hines*, 885 F.3d 919, 923 (6th Cir. 2018)).  "[F]ederal courts examine the affidavit's four corners to determine whether, under the totality of the circumstances, the low bar of probable cause has been overcome."  *United States v. Moore*, 999 F.3d 993, 996 (6th Cir. 2021) (citing *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006)).

4

**B**

In his Recommended Disposition, Judge Stinnett found that the evidence sufficiently supported a finding of probable cause because: (1) the informant was sufficiently reliable; (2) "police corroboration through 'continued surveillance' did not require wired monitoring;" (3) omissions in the affidavit failed to undermine probable cause; and (4) although there was not probable cause to search for firearms, the firearms were legally seized during the search for narcotics.  [R. 24 at 2–7.]  Judge Stinnett further found that even if the search warrant was legally deficient, the good faith exception to the warrant requirement applied.  *Id.* at 8–10.

**1**

Although Mr. McCawley argues that the informant was not sufficiently reliable, the record and Sixth Circuit precedent demonstrate otherwise.  In his motion to suppress, Mr. McCawley argues that "the affidavit in support of the search warrant is devoid of sufficient informant reliability/credibility and lacks the requisite substantial police corroboration necessary to support the determination of probable cause."  [R. 15-1 at 5.]  Judge Stinnett found that Mr. McCawley was incorrect both legally and factually.  [R. 24 at 3.]

From a legal perspective, the affidavit explicitly provides that the informant had previously "provided law enforcement accurate, reliable, and credible information on multiple occasions."  [R. 21-3 at 2.]  "Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable."  *United States v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001); *see also United States v. Crumpton*, 824 F.3d 593, 616 (6th Cir. 2016) (finding "the affiant need only attest with some detail that the informant provided reliable information in the past") (quoting *United States v. Thomas*, 605 F.3d 300, 307 (6th Cir. 2010)).  Mr. McCawley relied on *Illinois v. Gates*, 462 U.S.

213, 238 (1983), for the proposition that "a conclusory statement regarding an informant's credibility…is not sufficient to establish probable cause."  [R. 15-1 at 3.]  However, Judge Stinnett distinguished *Gates* from the case at bar, finding the facts of *United States v. Williams*, 224 F.3d 530 (6th Cir. 2000), to be more similar to this case.  [R. 24 at 3.]  In *Williams*, although the confidential informant was not named, the Sixth Circuit found that "the additional information about the police surveillance and the heavy traffic around the residence corroborates the informer's information sufficiently to find probable cause."  224 F.3d at 533.  Here, as in *Williams* and discussed *infra*, the informant's information was corroborated by additional information.  Furthermore, Mr. McCawley did not contest Judge Stinnett's findings.

From a factual perspective, Judge Stinnett found that the informant's statements were "bolstered by the police surveillance of Lindenhurst Loop during the controlled narcotics transactions."  *Id.* at 4.  Detective Shortridge and DEA Special Agent Trueblood searched the informant's vehicle and person before both controlled narcotics transactions, gave him buy money, maintained "continued surveillance" on the informant, and immediately retrieved narcotics from the informant that the informant stated he had just purchased from the Lindenhurst Loop residence.  *Id.*  Furthermore, Detective Shortridge averred that "[d]uring the continued surveillance, it did not appear the [informant] had any contact with any other subject(s), or location(s) other than those at 2517 Lindenhurst Loop."  [*Id.* (citing R. 21-3 at 2).] Therefore, from a factual perspective, the affidavit is sufficiently reliable, and Mr. McCawley's objections regarding the informant's reliability will be overruled.

**2**

Mr. McCawley next argues that the two controlled buys did not constitute substantial police corroboration because "[i]n neither of the controlled buys described in the affidavit was

the informant ever equipped with audio and/or visual recording devices nor was there any recorded telephone conversations with the target of their investigation." [R. 15-1 at 52.] Although Judge Stinnett agreed that based on the affidavit he could not determine whether the informant was equipped with audio or visual equipment during the controlled buys, he determined that wired monitoring was not required. [R. 24 at 4–6.]

Judge Stinnett analyzed *United States v. Smith*, 337 F. App'x 500 (6th Cir. 2009), which had similar facts to this case. In *Smith*, although the informant did not wear a wire and it was not clear whether an officer had the informant in view during the actual purchase, "the proper measures were taken in this case to ensure the reliability of the controlled purchases, including thoroughly searching the informant and the vehicle used before the purchase and maintaining a visual on the confidential informant going to and coming from the residence." *Id.* at 504. Because the affidavit indicates that those same procedures were followed in the instant case, the Court finds, as Judge Stinnett did, that "[u]nder the totality of the circumstances the affidavit properly set forth the existence of probable cause." *Id.*

**3**

Mr. McCawley further argues in his motion that (1) there was no information in the affidavit connecting him to Lindenhurst Loop or drug trafficking; (2) the search warrant never explained what specific narcotics were purchased from the Lindenhurst Loop address; and (3) the affidavit failed to specify whether there was any audio or visual monitoring of the controlled purchases because other individuals (or no one) could have been inside the Lindenhurst Loop residence. [R. 15-1 at 4–5.]

Judge Stinnett analyzed and rejected each of Mr. McCawley's arguments. First, the informant "advised [Detective Shortridge] of a subject known as 'Eric McCawley' who was

trafficking illegal narcotics from a residence on Lindenhurst Loop." [R. 24 at 6 (citing R. 21-3 at 2).] This connects Mr. McCawley both to the Lindenhurst Loop residence and drug trafficking. Second, although the search warrant never explains the specific narcotics purchased from 2517 Lindenhurst Loop, Judge Stinnett found that "the totality of the circumstances in the affidavit leads to the conclusion that Detective Shortridge, a nine-year veteran of the Lexington Police Department (as stated in the affidavit) and a DEA Special Agent can recognize illegal narcotics." *Id.* at 7. Third, Judge Stinnett agreed that while it was possible other individuals (or no one at all) could have been inside the Lindenhurst Loop residence with the informant, "this possibility does not eliminate the probable cause that evidence of narcotics trafficking would be found at 2517 Lindenhurst Loop." *Id.* After all, "[t]he critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1987). Therefore, Mr. McCawley's contentions are without merit.

### 4

Mr. McCawley argues that the search warrant affidavit failed to set forth probable cause to search for firearms. [R. 15-1 at 5.] Judge Stinnett agreed with Mr. McCawley on this point. [R. 24 at 8.] However, Judge Stinnett also found that although "the search warrant was deficient on this point, the firearms could be legally seized during the search for narcotics." *Id.*; *see also United States v. Davis*, 1990 WL 1399, at *1 (Apr. 23, 1990) (finding that "firearms may be seized pursuant to a search warrant directed at narcotics" because "[f]irearms are evidence of drug trafficking") (citing *United States v. Marino*, 658 F.2d 1120, 1123 (6th Cir. 1981)). Mr. McCawley did not object to this finding, and the Court agrees with Judge Stinnett. Therefore,

the Court finds that Mr. McCawley's argument is without merit.

5

Finally, Judge Stinnett found that even if the search warrant was legally deficient, the good faith exception to the warrant requirement would apply.  In *United States v. Leon*, the Supreme Court found permissible the admission of evidence "seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective."  468 U.S. 897, 905 (1984).  Here, Judge Stinnett found that the officers "reasonably believed they had authorization from a neutral judicial officer, pursuant to a multiple-page search warrant detailing their investigation, the statements of a[] confidential informant, and their observations at Lindenhurst Loop, to conduct a search of the residence and person."  [R. 24 at 9.]  Mr. McCawley did not specifically object to Judge Stinnett's findings, and the Court finds that even if the search warrant was legally deficient, the good faith exception would apply.  Therefore, the evidence will not be suppressed in this case.

III

Accordingly, the court being duly and sufficiently advised, it is hereby **ORDERED** as follows:

1.     The Report and Recommendation **[R. 24]** as to Defendant Eric McCawley is **ADOPTED** as and for the Opinion of the Court;

2.     Defendant Eric McCawley's Objections are **OVERRULED**; and

3.     Defendant Eric McCawley's motion to suppress **[R. 15]** is **DENIED**.

This the 4th day of April, 2022.

9

Gregory F. Van Tatenhove
United States District Judge